UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SONIA JAVED,

Plaintiff,

-v- 5:11-CV-107

SHUANG ZHANG; COUNTY OF TOMPKINS; TOWN OF ITHACA; and TOMPKINS COUNTY CONSOLIDATED AREA TRANSIT, INC.,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
| --- | --- |
| LITTMAN & BABIARZ<br>Attorneys for Plaintiff<br>308 North Tioga Street<br>Ithaca, NY 14850 | PETER N. LITTMAN, ESQ. |
| PRONER & PRONER<br>Attorneys for Plaintiff<br>60 East 42d Street<br>New York, NY 10165 | TOBI R. SALOTTOLO, ESQ. |
| LEVENE, GOULDIN & THOMPSON, LLP<br>Attorneys for Defendant Shuang Zhang<br>450 Plaza Drive<br>Vestal, NY 13850 | MARIA E. LISI–MURRAY, ESQ. |
| OFFICE OF TOMPKINS COUNTY ATTORNEY<br>Attorneys for Defendant County of Tompkins<br>125 East Court Street<br>Ithaca, NY 14850 | JONATHAN WOOD, ESQ. |
| SMITH, SOVIK, KENDRICK & SUGNET, PC<br>Attorneys for Defendant Tompkins County Consolidated Area Transit, Inc.<br>250 South Clinton Street<br>Suite 600<br>Syracuse, NY 13202 | EDWARD J. SMITH, III, ESQ. |

DAVID N. HURD
United States District Judge

## MEMORANDUM–DECISION and ORDER

## I. INTRODUCTION

On January 31, 2011, plaintiff Sonia Javed ("plaintiff" or "Javed") filed this action against Shuang Zhang ("Zhang"), the County of Tompkins ("the County"), the Town of Ithaca ("Ithaca"),[1] and Tomkins County Consolidated Area Transit, Inc. ("TCAT") (collectively "defendants"). Dkt. No. 1 ("Complaint"). Plaintiff, a citizen of Pakistan, invokes 28 U.S.C. § 1332 for purposes of subject matter jurisdiction and brings negligence claims against each defendant arising from injuries she suffered on November 4, 2009, when she was struck by a vehicle driven by Zhang while crossing a street in Ithaca.

The County and TCAT have each filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. Nos. 7, 9. After failing to respond before the deadline and being granted an extension of time, plaintiff responded to the County's and TCAT's motions to dismiss. Dkt. Nos. 14, 15. The County and TCAT replied. Dkt. Nos. 19, 21. Zhang has filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). Dkt. No. 18. Plaintiff has not responded to this motion. The motions were considered on submit.

[1] No affidavit of service has been filed as to Ithaca, and consequently, no appearance has been entered nor motions made on its behalf. Plaintiff was notified of the lack of an affidavit of service for Ithaca in a May 16, 2011, text notice. There is nothing in the record or plaintiff's submissions to suggest she has made any subsequent efforts to effectuate service on Ithaca, and, therefore, Ithaca will be dismissed without prejudice.

## II. FACTUAL BACKGROUND

The following pertinent facts, taken from the complaint, are assumed true for purposes of these motions to dismiss. At approximately 6:13 p.m. on November 4, 2009, Javed was on the sidewalk on the east side of Pine Tree Road in Ithaca. At the particular section of Pine Tree Road where the incident occurred the roadway is three lanes wide. One lane runs north, one runs south, and a turning lane divides these two lanes of travel. There is a marked pedestrian crosswalk across all three lanes, but there are no traffic control devices. There is a TCAT bus stop near the crosswalk on both sides of the road, but there is no separate lane to allow a bus to pull off the roadway when picking up or dropping off passengers. On either side of the road, just south of the crosswalk, are entrances to shopping centers.

While Javed stood on the east side of Pine Tree Road, a TCAT bus approached from the south and stopped at the bus stop located on the west side of the road. As plaintiff crossed from the east side of the street to the west side of the street, she was struck by a 1999 Honda sedan owned and operated by Zhang, who was driving north on Pine Tree Road.[2] Plaintiff rolled onto the hood of the car and ultimately landed on the pavement. Plaintiff sustained numerous physical injuries, which required multiple surgeries, and suffers from emotional and mental distress as a result of the incident. On January 9, 2010, plaintiff

[2] In her complaint, Javed alleges that she was crossing Pine Tree Road and that Zhang failed to slow down "as she approached a clearly marked pedestrian crosswalk." Complaint, ¶ 15(d). However, she never explicitly alleges that she was in the crosswalk when she was struck by Zhang's vehicle. Further, the related police report indicates that she "was not in the designated crosswalk upon entering the roadway." Wood Aff., Ex. B, Dkt. No. 7 ("Police Report").

served a timely notice of claim on the County and Ithaca.[3] On January 28, 2011, a hearing was held pursuant to General Municipal Law section 50-h at the County's request.

## III. DISCUSSION

### A. Motion to Dismiss Standard

To survive a Rule 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). Although a complaint need only contain "a short and plain statement of the claim showing the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), more than mere conclusions are required. Indeed, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S. Ct. 1937, 1950 (2009). Dismissal is appropriate only where plaintiff has failed to provide some basis for the allegations that support the elements of her claims. See Twombly, 550 U.S. at 570, 127 S. Ct. at 1974 (requiring "only enough facts to state a claim to relief that is plausible on its face"). When considering a motion to dismiss, the complaint is to be construed liberally, and all reasonable inferences must be drawn in the plaintiff's favor. Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002).

When deciding a motion to dismiss, a district court may consider documents attached to the complaint as exhibits or incorporated by reference therein. DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010). Even if a document is not incorporated by

---

[3] Although the complaint alleges that the notice of claim was served on the County on January 9, 2010, the notice is dated January 27, 2010. See Wood Aff., Ex. A, Dkt. No. 7 ("Notice of Claim"). The parties do not highlight this discrepancy, which is immaterial as the 90-day window to file a notice of claim did not expire until February 2, 2010.

reference, a court may nevertheless consider it "where the complaint relies heavily upon its terms and effect, thereby rendering the document integral to the complaint." Id. (internal quotation marks omitted). However, even if the document is integral, "it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document." Id. (internal quotation marks omitted).

The notice of claim that plaintiff served on the County is incorporated by reference in the complaint. See Complaint, ¶ 25. The police report—which Javed and defendants cite in support of their arguments—was attached to the notice of claim. The authenticity and accuracy of these documents are undisputed, and they will thus be considered. Similarly, the seven photographs attached to plaintiff's opposition memorandum of law depict the scene of the incident, which plaintiff describes in detail in her complaint. As there is no question regarding the accuracy of these photos, they will also be considered.

**B. The County's Motion to Dismiss**

The County argues that the negligence claim against it must be dismissed because Javed's notice of claim was insufficient and, in the alternative, the complaint fails to state a claim upon which relief can be granted.

**1. Notice of Claim**

The County asserts that plaintiff's notice of claim was inadequate because it was contradicted by her subsequent testimony at the section 50-h hearing. Plaintiff argues that the notice of claim satisfied New York law and was not contradicted by her later testimony.[4]

---

[4] Although not argued by plaintiff, it is unclear whether the notice of claim provision even applies in this case. The Court of Appeals of New York has recognized an exception to the statutory notice rule "where the locality created the defect or hazard through an affirmative act of negligence." Amabile v. City of Buffalo, 93 N.Y.2d 471, 474 (N.Y. 1999). In her complaint, Javed alleges that the County affirmatively created the risk (continued...)

New York law requires a notice of claim to contain the following: (1) the name and address of the claimant and her attorney; (2) the nature of the claim; (3) the time, place, and manner from which the claim arose; and (4) the injuries claimed to have been suffered. N.Y. GEN. MUN. LAW § 50-e(2) (McKinney 2011). This notice requirement is designed "[t]o enable authorities to investigate, collect evidence and evaluate the merit of a claim." Brown v. City of New York, 95 N.Y.2d 389, 392–93 (N.Y. 2000). An adequate notice of claim allows the governmental entity "to examine a potential claim to determine whether such claim should be settled or satisfied without subjecting the parties to costly litigation." Mroz v. City of Tonawanda, 999 F. Supp. 436, 453 (W.D.N.Y. 1998).

Even if a notice of claim is inadequate on its face, "a mistake, omission, irregularity or defect made in good faith in the notice of claim . . . may be corrected, supplied or disregarded, as the case may be, in the discretion of the court, provided it shall appear that the other party was not prejudiced thereby." N.Y. GEN. MUN. LAW § 50-e(6). "In making this determination of prejudice, the court may look to evidence adduced at a section 50-h hearing, and to such other evidence as is properly before the court." D'Alessandro v. N.Y.C. Transit Auth., 83 N.Y.2d 891, 893 (N.Y. 1994).

The notice of claim served on the County clearly identifies the name and address of Javed and her attorney, and indicates that "[t]he nature of the claim is for severe and permanent personal injuries." Notice of Claim, ¶¶ 1–2. It then contains the following description of the time, place, and manner from which the claim arose:

---

[4](...continued)
to her safety through its design of this particular section of Pine Tree Road. See Complaint, ¶¶ 22(a)–(i). However, since plaintiff does not raise this argument and because, as explained below, the notice of claim was adequate, the applicability of the notice requirement will not be discussed further.

> [T]he claim arose on November 4, 2009, at approximately 6:13 P.M. on the east side of Pine Tree Road approximately 100 feet north of the East Hill Plaza Entrance in the Town of Ithaca, New York when the plaintiff was struck by a motor vehicle owned and operated by Shuang Zhang as the plaintiff was attempting to cross Pine Tree Road in order to access a Tompkins Consolidated Area Transit Bus that was stopped to discharge and pick up passengers on the west side of Pine Tree Road.

Id. ¶ 3. Further, the police report related to this incident was attached to the notice of claim, providing even more detailed description of the event as well as a diagram of the scene. The notice of claim indicated that Javed "sustained severe permanent personal injuries, the full extent of which is not presently known, including but not limited to, . . . multiple fractures of both her legs." Id. ¶ 4. Finally, the notice of claim made the County aware that plaintiff was alleging that her injuries were caused by the County's negligent "design, placement and configuration" of the bus stops and crosswalk at this particular area of Pine Tree Road. Id. ¶ 3.

The notice of claim was thus sufficient to satisfy the requirements of section 50-e(2) and the purposes of the notice requirement. Indeed, the County does not argue that the notice of claim was inadequate on its face and acknowledges that it "caused the County to investigate the safety of crossing the road." County's Mem. of Law, Dkt. No. 7-1, 6.[5] Instead, the County asserts that the notice of claim was insufficient as a matter of law because Javed's subsequent testimony at the section 50-h hearing allegedly contradicted it. At the section 50-h hearing, Javed advised that she had no memory of being hit by Zhang's car. Contrary to the County's assertion, plaintiff did not testify that she was struck while standing on the sidewalk. She instead stated that the last thing she remembers is standing on the

[5] The pagination corresponds to the page numbers as assigned on CM/ECF. This convention is used throughout the order for citations to exhibits.

east curb—where she was uncomfortable because it was an unfamiliar and deserted area—and seeing a bus approaching the bus stop on the opposite side of the street. She testified that she does not have any recollection of what happened next. She specifically testified that: "I was standing on the curb waiting for the bus, and the next thing I know, I am strapped from head to toe. So, I don't know that part in between." Wood Aff., Ex. C, Dkt. No. 7, 16:7–10. Plaintiff denied seeing Zhang's car before she was struck and repeatedly denied having any memory of where she was standing or walking upon impact. This testimony is entirely consistent with the allegations set out in the notice of claim and the attached police report; to wit, Javed was struck by Zhang's car near the east curb as she attempted to cross Pine Tree Road. The County's attempt to fault plaintiff for her lack of memory is unpersuasive, especially given the traumatic event she endured after her last recollection of standing on the east curb.

Further, the two cases cited by the County in support of its argument involved notices of claim that were insufficient on their face and glaringly inconsistent with subsequent hearing testimony. See Faubert v. City of New York, 90 A.D.2d 509, 509 (N.Y. App. Div. 2d Dep't 1982) (notice of claim failed to describe the accident location with sufficient particularity and plaintiff later testified that the accident occurred at an entirely different location); Caselli v. City of New York, 105 A.D.2d 251, 253–54 (N.Y. App. Div. 2d Dep't 1984) (same). Upon finding that the testimony was inconsistent with portions of the notices, and therefore did not cure the inadequate notices, the courts held that the defendants were prejudiced by the inadequate notices. Faubert, 90 A.D.2d at 509; Caselli, 105 A.D.2d at 254.

Here, the County did not suffer any prejudice because the notice of claim was adequate and was not contradicted by Javed's subsequent testimony. The County was able

to investigate the incident, collect evidence, and evaluate the claim. Accordingly, the County's motion to dismiss due to inadequate notice of claim will be denied.

**2. Negligence Claim Against the County**

The County argues that Javed fails to state a negligence claim against it because it has no duty to protect pedestrians from being struck by vehicles on the sidewalk, the provision of a designated crosswalk satisfies any duty owed to pedestrians, and there can be no liability for a pedestrian who crosses the road outside of a crosswalk. Javed does not specifically respond to these arguments.[6]

Even if the County is correct that it does not have a duty to protect pedestrians from being struck by cars that leave the roadway,[7] such does not require the dismissal of plaintiff's claim. Construing the complaint liberally and making all reasonable inferences in Javed's favor, she was in the roadway when she was struck by Zhang's car. The County mischaracterizes plaintiff's complaint and her hearing testimony as alleging that she was struck while standing on the sidewalk. In fact, the complaint clearly alleges that Javed was "beginning to cross the roadway" just before she was struck. Complaint, ¶ 15(c). As explained above, plaintiff's testimony at the section 50-h hearing merely establishes that the last thing she recalls is standing on the east curb of Pine Tree Road. Javed repeatedly

---

[6] Under Local Rule 7.1(b)(3), a non-movant's failure to respond to a facially valid legal argument put forth in a proper motion shall be deemed as consent to that motion. In other words, plaintiff's failure to counter this legal argument lightens the County's burden such that it need only show that the argument has "facial merit." Cont'l Ins. Co. v. Coyne Int'l Enter. Corp., 700 F. Supp. 2d 207, 213 n.6 (N.D.N.Y. 2010) (Suddaby, J.).

[7] It is not necessary to analyze the validity of this legal assertion. However, it is noted that the case upon which the County relies for this proposition involved a two-car accident on a lightly traveled rural road, not a pedestrian accident on a busy section of commercial roadway. See Tomassi v. Town of Union, 46 N.Y.2d 91, 96 (N.Y. 1978). Indeed, at least one court has called into question such a broad application of Tomassi. See Flynn v. Farias, 139 Misc. 2d 699, 703–04 (Sup. Ct. N.Y. County 1988) (distinguishing Tomassi and noting that it is foreseeable that vehicles may mount sidewalks in busy urban areas).

testified that she does not remember what happened next. This testimony, coupled with the police report that concludes she was struck while crossing the street, leads to a reasonable inference that plaintiff was in the roadway when she was hit by Zhang's car.

The County's next assertion, that the provision of a crosswalk satisfies any duty owed to pedestrians, is an oversimplification of the law. A governmental entity has a non-delegable duty to adequately design, construct, and maintain its roads in a reasonably safe condition to prevent foreseeable injury. Friedman v. State, 67 N.Y.2d 271, 283, 286 (N.Y. 1986). An injured pedestrian "can recover against a municipality if it is shown that its failure to install a traffic control or warning device was negligent under the circumstances, that this omission was a contributing cause of the mishap, and that there was no reasonable basis for the municipality's inaction." Ernest v. Red Creek Cent. Sch. Dist., 93 N.Y.2d 664, 673 (N.Y. 1999) (internal quotation marks omitted).

Javed specifically alleges that the County breached its duty to adequately design, construct, and maintain this particular portion of Pine Tree Road in a reasonably safe condition to prevent her allegedly foreseeable injuries. She claims that the configuration of this busy section of the road, the lack of traffic signals and adequate lighting, and the absence of a separate lane for buses to use when dropping off and picking up passengers created an unreasonable risk to the safety of pedestrians. While discovery may establish that the County satisfied its duty by the mere provision of a marked crosswalk at this particular location, such a conclusion is inappropriate at the motion to dismiss stage.

Finally, the County's assertion that it does not owe a duty to pedestrians who attempt to cross a street outside of a crosswalk does not necessitate dismissal of Javed's claim. Although the aforementioned duty to provide a reasonably safe place to travel does not

extend to situations where a pedestrian attempts to cross a road at a place other than an intersection or designated crosswalk, Hamilton v. State, 277 A.D.2d 982, 983 (N.Y. App. Div. 4th Dep't 2000), it is inappropriate at this early stage of the litigation to conclude as a matter of law that plaintiff was outside of the crosswalk when she was struck.

It is not surprising that Javed does not specifically claim to have been in the crosswalk when she was struck by Zhang's vehicle because, as she testified at the section 50-h hearing, she does not remember what happened just prior to the impact. Even though the police report concludes that plaintiff was not in the crosswalk when she was struck, the officer did not witness the incident. Moreover, the officer based his findings, in part, on interviews of Zhang and the driver of the TCAT bus that was stopped on the west side of Pine Tree Road, both of whom advised that they did not see Javed before feeling or hearing the impact. The diagram attached to the police report suggests plaintiff was in the roadway and was at least near the crosswalk when she was struck. The position of the shoe in the roadway indicates only the location of the shoe after Javed was struck and the officer arrived on scene; it does not conclusively establish the point of impact. Although it is entirely possible that depositions and discovery will establish Javed was not within the marked crosswalk when she was struck by Zhang's car, it is premature to draw that conclusion.

Accordingly, the County's motion to dismiss for failure to state a claim will be denied.

### C. TCAT's Motion to Dismiss

TCAT argues that the negligence claim against it must be dismissed because it did not have any control over the design, construction, or maintenance of Pine Tree Road, and it had no control over plaintiff's independent decision to cross the busy street. Plaintiff asserts that TCAT has control over the placement of bus stops and design of adjacent waiting areas.

It is undisputed that a common carrier "is under a duty to provide a prospective passenger with a reasonably safe, direct entrance onto the vehicle, clear of any dangerous obstruction or defect which would impede that entrance." Francias v. City of New York, 222 A.D.2d 215, 215 (N.Y. App. Div. 1st Dep't 1995) (internal quotation marks omitted). In other words, a bus company can be held liable if "the placement of the bus dictates that the passenger, in order to board the bus, must negotiate a dangerous or defective path." Id. (internal quotation marks omitted). The determination of whether a party breached its duty of care, while normally a question of fact to be decided by a jury, may be decided as a matter of law if the facts alleged do not allow for "varying inferences" or interpretations. Blye v. Manhattan & Bronx Surface Transit Operating Auth., 124 A.D.2d 106, 109 (N.Y. App. Div. 1st Dep't 1987), aff'd, 72 N.Y.2d 888 (N.Y. 1988). This is such a case.

Liberally construing the complaint and making all reasonable inferences in plaintiff's favor, she was struck on the east side of Pine Tree Road while attempting to cross to the west side, where she planned to board a waiting TCAT bus.[8] She does not, however, allege that she was injured by a physical defect at either bus stop or in the immediate path between the bus stop on the west side of the road and the waiting bus. Even if such a dangerous defect was alleged, it clearly was not the cause of Javed's injuries. Indeed, plaintiff had left the area of the bus stop on the east side of the road and had not yet reached the bus stop on the west side of the road. She was instead struck by a separate defendant while crossing a County road, the design and maintenance of which TCAT had no control.

[8] Counsel for TCAT continually states that the plaintiff was, in fact, crossing the street on a route other than the crosswalk. Again, such a statement is premature. In any event, at this point in the litigation, whether plaintiff was within or without the crosswalk at the time she was struck has nothing to do with the liability, if any, of TCAT.

There is no allegation that TCAT failed to satisfy its duty to provide a reasonably safe direct path from its designated bus stop to the entrance of the bus. Nor does plaintiff claim that the driver of the waiting TCAT bus positioned the bus in such a manner as to force her to take an unreasonably dangerous route to the door of the bus. Therefore, TCAT cannot be held liable for her injuries. See Francias, 222 A.D.2d at 215–16 (common carrier not liable for injuries plaintiff suffered when she fell while walking toward bus stop, and there was no defect between the bus shelter and the bus); Blye, 124 A.D.2d at 113 (bus company not liable for boarding passenger's injuries because "[n]o obstruction impeded access to the front door of the bus," and the obstruction plaintiff tripped over was approximately two feet from the front of the bus); Swendra v. Oc–Unk, Inc., 134 A.D.2d 905, 905 (N.Y. App. Div. 4th Dep't 1987) (common carrier not liable to passenger who safely alighted from the bus before being struck by a truck as he crossed the street); cf. Gross v. N.Y.C. Transit Auth., 256 A.D.2d 128, 129–30 (N.Y. App. Div. 1st Dep't 1998) (whether bus operator breached duty owed by stopping bus one lane's width away from the bus stop, thereby requiring boarding passenger to navigate across a lane of traffic in busy area of Times Square, was question of fact for jury).

Accordingly, TCAT's motion to dismiss for failure to state a claim will be granted.

**D. Zhang's Motion to Dismiss**

Zhang argues that the claim against her must be dismissed for lack of subject matter jurisdiction as neither she nor plaintiff is a citizen of the United States. Plaintiff has not filed any response to this motion. Therefore, Zhang need only show that her argument has facial merit. See supra note 6.

A plaintiff asserting subject matter jurisdiction has the burden of proving, by a

preponderance of the evidence, that jurisdiction exists. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). When considering a motion to dismiss for lack of subject matter jurisdiction, a court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue." J.S. ex rel. N.S. v. Attica Cent. Sch., 386 F.3d 107, 110 (2d Cir. 2004).

Diversity jurisdiction exists when the action is between, inter alia, "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2) (2006). "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must be both a citizen of the United States *and* be domiciled within the State." Newman–Green, Inc. v. Alfonzo–Larrain, 490 U.S. 826, 828, 109 S. Ct. 2218, 2221 (1989). A person is domiciled in the state in which they are both physically present and have an intent to remain. Linardos v. Fortuna, 157 F.3d 945, 948 (2d Cir. 1998). Diversity jurisdiction is lacking "where on one side there are citizens and aliens and on the opposite side there are only aliens." Universal Licensing Corp. v. Paola del Lungo S.p.A., 293 F.3d 579, 581 (2d Cir. 2002); see also Corporacion Venezolana de Fomento v. Vintero Sales Corp., 629 F.2d 786, 790–91 (2d Cir. 1980) (no diversity jurisdiction in a suit between a Venezuelan plaintiff and Swiss and New York defendants).

If one of the parties is found to upset diversity, a district court may dismiss that party and permit the plaintiff to proceed with its claims against the remaining diverse parties. Newman–Green, Inc., 490 U.S. at 832, 109 S. Ct. at 2222–23. Indeed, it is well established that Federal Rule of Civil Procedure 21 "invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered." Id. When deciding whether to dismiss a nondiverse party, a court should

carefully consider whether such dismissal would prejudice any of the other parties within the meaning of Rule 19(b). Id. at 838, 109 S. Ct. at 2225–26.

In her complaint, Javed—a citizen of Pakistan—alleges that Zhang is a citizen of the United States and resides in Tompkins County, New York. However, Zhang maintains that she is a citizen of China, does not own any property in the United States, is only in the United States temporarily to pursue a doctoral degree at Cornell University, and has no intention of changing her domicile from China. See Zhang Aff., Dkt. No. 18-1. As noted above, Javed has not responded to this argument and, therefore, fails to meet her burden of establishing diversity jurisdiction by a preponderance of the evidence. Instead, the record shows that neither Javed nor Zhang is a United States citizen. Thus, Zhang's argument that complete diversity is lacking has facial merit.

It must next be determined whether Zhang is a dispensable party. If so, she can be dismissed, and the sole remaining claim against the County may go forward as complete diversity would be present. If, however, Zhang is indispensable, the entire complaint must be dismissed for lack of complete diversity. "It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." Temple v. Synthes Corp., Ltd., 498 U.S. 5, 7, 111 S. Ct. 315, 316 (1990). Therefore, as a potential joint tortfeasor, Zhang is a permissive, dispensable party. See id. (agreeing that it is "error to label joint tortfeasors as indispensable parties under Rule 19(b)"); Reach v. Pearson, 860 F. Supp. 141, 144 (S.D.N.Y. 1994) (in negligence action against driver of a car involved in an accident, other involved drivers were found to be joint tortfeasors and dispensable parties). Further, Javed will not be prejudiced by the dismissal of Zhang as she can pursue an action against Zhang in state court.

Accordingly, Zhang's motion to dismiss for lack of subject matter jurisdiction will be granted, and she will be dismissed without prejudice.

## IV. CONCLUSION

There is no affidavit of service on file to indicate Ithaca was ever served with the summons and complaint in this action. The notice of claim that Javed served on the County was sufficient to satisfy the requirements of New York law and was not contradicted by her later testimony at the section 50-h hearing. Moreover, liberally construing the complaint and making all reasonable inferences in plaintiff's favor, she was struck by Zhang's car while attempting to cross Pine Tree Road. It is too early in the litigation to determine, as a matter of law, whether the County satisfied its duty to design, construct, and maintain this particular portion of Pine Tree Road in a reasonably safe condition. It is equally premature to determine whether Javed was actually in the crosswalk when she was struck.

Conversely, the record does not allow for varying interpretations of the fact that Javed was crossing Pine Tree Road, not boarding the TCAT bus that was stopped at a designated stop, when she was struck. Javed does not allege any defect in the immediate path a boarding passenger must take from either bus stop to a waiting bus at that stop. Finally, diversity jurisdiction is lacking because neither Javed nor Zhang is a United States citizen. Because Zhang is merely a joint tortfeasor, and thus dispensable, she may be dismissed to remedy the lack of diversity.

Therefore, it is

ORDERED that

1. The complaint against the defendant Town of Ithaca is DISMISSED without prejudice;

2. Defendant County of Tompkins's motion to dismiss is DENIED;

3. Defendant Tomkins County Consolidated Area Transit, Inc.'s motion to dismiss is GRANTED, and the complaint against it is DISMISSED with prejudice;

4. Defendant Shuang Zhang's motion to dismiss is GRANTED, and the complaint against her is DISMISSED without prejudice; and

5. The only remaining defendant, County of Tompkins, shall file an answer to the complaint on or before February 3, 2012.

IT IS SO ORDERED.

United States District Judge

Dated: January 20, 2012
Utica, New York.